UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                PLAINTIFF

vs.                                               CRIMINAL ACTION NO.:   3:22CR-023-DJH

DAVION FLEMING                                                                          DEFENDANTS
JAMAAL TAYLOR

### PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d),

It is hereby **ORDERED**:

1.　　All recordings, reports, or other information related to or identifying a juvenile that may be turned over in connection with this matter (collectively, "recordings") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.　　Defendant's counsel shall be permitted to show defendant the recordings in preparation for their defense of this case.  However, defendant's counsel shall not provide copies of the recordings to the defendant to maintain in his possession.

3.　　Defendant's counsel shall not disclose the recordings or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").  Potential witnesses and

their counsel may be shown copies of the recordings as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the recordings except in order to provide copies of the documents for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original documents.

5. Before providing recordings to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the recordings and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such documents.

7. The restrictions set forth in this Order do not apply to documents or documents that are or become part of the public court record, including documents or documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case

8. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

May 16, 2022

David J. Hale, Judge
United States District Court