UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:22CR-23-DJH |
| JAMAAL TAYLOR | DEFENDANT |

**PRETRIAL MEMORANDUM**
*Electronically Filed*

**A. STATUTES INVOLVED**

**Count 1: Title 18 USC 641 and 2** –*Receiving Stolen Government Property*
Elements:
- (A) First, the defendant knowingly received, concealed, or retained property.
- (B) Second, the property belonged to the United States.
- (C) The defendant knew that the property had been stolen from the United States.
- (D) The defendant intended to convert the property to his own use or gain; and
- (E) The aggregate value of the property exceeds $1,000.

**Count 4: Title 18 USC 922(o)** –*Illegal Possession of a Machine Gun*
Elements:
- (A) First, the defendant knowingly possessed a "machine gun;
- (B) Second, the defendant knew, or was aware of, the essential characteristics of the firearm which made it a "machine gun" as defined by 921(a)

**B. STATEMENT OF FACTS**

On or about March 6, 2022, multiple firearms belonging to the Federal Bureau of Investigation ("FBI"), along with various firearm accessories, were stolen from an FBI vehicle located at a personal residence located in Mt. Washington, Kentucky. The theft was caught on surveillance video from the residence.

As part of the investigation into the stolen FBI firearms and accessories, on or about March 8, 2022, FBI agents arrested the co-defendant, Davion Fleming. Following his arrest, Fleming advised FBI agents that he believe an individual who went by the name "Maal" participated in the theft and agreed to show the agents where he knew "Maal" to be residing. Fleming showed agents a residence located at 6602 Crestview Drive, Crestwood, Kentucky, which is where Fleming believed "Maal" was located with some of the stolen FBI equipment.

On March 9, 2022, FBI agents conducted surveillance at 6602 Crestview Drive and observed an individual matching "Maal's" description placing items into a vehicle. Agents approached the individual outside the residence and identified "Maal" as the defendant, Jamaal Taylor. Taylor spoke with agents and stated that he was aware of the stolen items in question and states that a juvenile, known as "Lulbino" had the stolen items the last time he saw them. Agents received consent from Taylor and the owner of the vehicle to search the vehicle they observed Taylor placing items. During the search of the vehicle, agents found a pistol light and two Glock handgun magazines. One of the magazines was determined to have belonged to the FBI. Taylor stated that he had purchased the magazine from the juvenile just days prior and knew that the juvenile had stolen items from law enforcement.

Agents then made contact with the homeowners of the residence, who signed a consent to search the residence. The homeowners directed agents to the room where Taylor was staying. Within the bedroom, agents seized multiple other FBI accessories that had been stolen. Agents also recovered clothing and footwear that matched clothing and footwear that matched the clothing and footwear by one of the subjects captured on video during the theft from the FBI vehicle. The value of the items seized from the vehicle and/or residence in which Taylor was involved exceeded $1,000.

Further, agents seized a bag of "AR full auto switches." These switches are utilized to convert semi-automatic rifles into automatic weapons and each switch is considered a "machine gun" pursuant to United States Code.

## C. SUBSTANTIVE ISSUES OF LAW

At this time there are no known disputed substantive issues of law.

## D. EVIDENTIARY ISSUES

At this time there are no known evidentiary issues.

## E. POTENTIAL TRIAL PROBLEMS

At this time there are no known potential trial issues.

## F. JURY INSTRUCTIONS

The United States proposes that the Court issue the following Jury Instructions, utilizing the Sixth Circuit Pattern Jury Instructions (2021):

**1.03 PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

**1.04 EVIDENCE DEFINED**

**1.05 CONSIDERATION OF EVIDENCE**

**1.06 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

**2.04 ON OR ABOUT**

**2.08 INFERRING REQUIRED MENTAL STATE**

**2.10 ACTUAL AND CONSTRUCTIVE POSSESSION**

**2.11 JOINT POSSESSION**

**2.12 USE OF THE WORD "AND" IN THE INDICTMENT**[1]

**4.01 AIDING AND ABETTING**

---

[1] If the court incorporates the indictment into the instructions, the court may consider changing the word "and" in the indictment to "or," or the court may consider giving this instruction.

**7.03 OPINION TESTIMONY**

**7.16 POSSESSION OF RECENTLY STOLEN PROPERTY**

**3.06 UNINDICTED, UNNAMED OR SEPARATELY TRIED CO-CONSPIRATORS**

The United States further proposes the following jury instructions for the offenses charged in the case, for which there are no Sixth Circuit Pattern Jury Instructions:

## Count 1

Count 1 of the indictment charges the defendant with receiving stolen government property.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

   (A)  First:  that the property described in the Indictment belonged to the United States government;

   (B)  Second:  that the defendant received, concealed, or retained that property;

   (C) Third:  that the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of its property; and

   (D) Fourth:  that the value of the property was greater than $1,000.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

*Model Jury Instructions, LexisNexis; See also* <u>United States v. McGahee</u>, *257 F.3d 520, 529 (6th Cir. 2001).*

## Count 4

Count 4 of the indictment charges the defendant with illegal possession of a machine gun.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

   (A)  First:  that the defendant possessed a machine gun;

   (B)  Second:  that the defendant did so knowingly;

   (C) Third:  that the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of its property; and

    (D) Fourth: that the value of the property was greater than $1,000.

Knowingly in this context includes not only that the defendant knew he possessed a machinegun but also that the defendant knew the firearm was a machinegun.

A machine gun is defined as any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

*Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, 2020 Online Edition.*

### G. PROPOSED VOIR DIRE QUESTIONS

1. This is a criminal case. Do any of you have any moral, religious or philosophical beliefs that would prohibit you from being a fair and impartial juror in this case? In other words, does anyone have a problem with sitting in judgment of another person?

2. In federal court, the jury decides whether the defendant is guilty or not guilty, and punishment, if any is to be imposed, is determined by the Court. Does anyone have a problem with this proposition? With this aspect of our court system in mind, would each of you be able to consider the facts of the case and render a verdict without concern for what punishment, if any, would later be imposed?

3. Do any of you support the legalization of any currently controlled substances? If so, do any of you belong to any organizations that advocates such legalization?

4. This case was investigated by members of multiple state and federal law enforcement agencies. Has anyone had any negative contact with any law enforcement agency, whether it be personally or through a close friend? Does anyone hold any negative views of law enforcement officers in general?

5. How many of you regularly watch cop shows on t.v. like "C.S.I." or "Law and Order"? Asking you if you understand that those shows are fiction and this is real, would insult your intelligence and that is not my purpose. However, I want to ask some questions about expectations. Many times those t.v. shows feature a scientific test that solves the case or a witness who confesses on the witness stand. Do any of you expect to hear those types of evidence? The judge will instruct you on the elements of each offense. Those are the facts that the government must prove to you beyond a reasonable doubt. That is the burden. Will any of you hold the government to a different burden based on your expectations or require them to prove to you something that is not in the instructions. In other words, can you convict someone if the government has proven all the elements of the crime, but has not proven something else, something about which you may be wondering?

6. That brings me to the burden of proof. You'll hear that the government has the burden of proof and the standard it has to meet is proof beyond a reasonable doubt. That doesn't mean that they have to prove the case beyond all doubt, just that which is reasonable. Does anyone have a problem with that?

7. There are two types of evidence, direct and circumstantial. Direct evidence can be physical evidence such as a gun or some drugs. It can also be testimony. Circumstantial evidence is evidence that requires jurors to draw an inference from a set of facts. For example, if you go to bed at night and there is no snow on the ground, but when you wake up in the morning, the ground is covered with snow, your observations are circumstantial evidence that it snowed during the night. Does everyone understand that the law has no preference for either type of evidence and doesn't presume that one is better than the other? Does anyone have a problem with that?

8. How many of you have been on a jury before? How many reached a verdict? What was it?

9. Have you or anyone in your family or a close friend ever received any legal training, practiced law, or worked in an attorney's office?

10. If selected as a juror in this case, do you understand that any personal feelings you may have must be set aside if they conflict with the law as the Court will instruct you?

11. Have you or anyone close to you ever been investigated, arrested or convicted of a non-traffic related violation of state or federal law?

12. Do any of you have difficulty hearing, seeing or sitting for long periods of time?

13. Do any of you have events going on in your lives that would distract your attention from the testimony and evidence of this case?

14. Do any of you know one another? If so, would you be influenced by the opinions or beliefs of the person you know?

15. Is there anything that I haven't asked you that might affect your ability to be a fair and impartial juror or might limit your ability to give your full attention to this case?

**H. PROPOSED STATEMENT OF THE CASE**

On or about March 6, 2022, in Mt. Washington, Kentucky, various firearms and equipment belonging to the Federal Bureau of Investigation were stolen from an FBI employee's vehicle. The United States alleges that on or about March 9, 2022, the defendant, Jamaal Taylor, received, concealed, or retained some of those stolen items. Additionally, the United States alleges that on or about March 9, 2022, Mr. Taylor illegally possessed a machine gun, in that he possessed multiple "AR auto sears."

**I. EXHIBIT LIST**

The United States shall provide the Court, prior to the commencement of trial, an exhibit list, a stipulation as to the authenticity of the exhibits, and any stipulations agreed to by the parties.

**J. PROPOSED WITNESS LIST**

The United States shall submit, by separate filing, a proposed witness list for the Court's *in camera* review.

Respectfully submitted,

MICHAEL A. BENNET
United States Attorney

*s/Frank E. Dahl III*
Frank E. Dahl III
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6722
Frank.dahl@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2022, I electronically filed the foregoing response with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/Frank E. Dahl III*
Frank E. Dahl III
Assistant U.S. Attorney