UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:22-CR-00023-2

UNITED STATES OF AMERICA,                                    PLAINTIFF

VS.                              **Electronically Filed Under Seal**

JAMAAL TAYLOR                                                 DEFENDANT

*** *** ***

## DEFENDANT'S SENTENCING MEMORANDUM

Comes the Defendant, JAMAAL TAYLOR, by counsel, and for his Sentencing Memorandum, states as follows:

As this Court is aware, it is required to apply the provisions of 18 U.S.C. § 3553(a) in order to impose a sentence that is sufficient, but not greater than necessary in order to accomplish the goals of sentencing. Those goals are to achieve just punishment, reflect the seriousness of the offense, promote respect for the law, deter the Defendant and others from future crime, protect the public, and provide education and treatment, when needed, in the most effective manner. In determining this sentence, the Court must consider the nature of the offense, the history and characteristics of the Defendant, the sentencing guidelines and policy statements, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution (if applicable). *See* 18 U.S.C. § 3553 (a) (1, 3-7).

The Presentence Investigation Report (PSR) calculates a Base Offense Level of 6 as a result of the Defendant's guilty plea for the violation of 18 U.S.C. § 641. ¶ 43. One Specific Offense Characteristic was identified by the Probation Office (a theft from the person of another, pursuant to USSG §2B1.1(b)(3)), which added 2 levels. ¶ 44.

After adjusting the offense level for the Defendant's Acceptance of Responsibility, his Total Offense Level was calculated at 6. ¶ 51. Because Mr. Taylor has no prior criminal history, his Criminal History of Category is I; thus, the Guideline imprisonment range is between zero months and 6 months. ¶ 84. It does not appear that a sentence of imprisonment is mandatory.

It is noted that the parties submitted under seal a Supplemental Plea Agreement [DN 64] on the date Mr. Taylor entered his guilty plea. This may have an impact on the final Offense Level computation. USSG § 5K1.1.

The Plea Agreement provides that the United States will recommend a sentence at the lowest end of the applicable Guideline range.

Finally, the Presentence Report states that the Defendant is eligible for not less than one nor more than five years of probation. The Report also states that one of the following conditions of probation must be imposed absent extraordinary circumstances: a fine, restitution, or community service. ¶ 89.

<u>CONSIDERATION OF SECTION 3553(a) FACTORS</u>

As stated in *Pepper v. United States,* 562 U.S. 476, 487, 131 S.Ct.1229, 1240 (2011):

> "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States, 518* U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams*, 337 U.S., at 247, 69 S.Ct. 1079; see also *Pennsylvania ex rel. Sullivan v. Ashe,* 302 U.S. 51, 55, 58 S.Ct. 59, 82 L.Ed. 43 (1937) ("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken

into account the circumstances of the offense together with the character and propensities of the offender").

<u>PERSONAL AND FAMILY HISTORY</u>

As indicated in the PSR, Mr. Taylor is 19 years old and lives with his mother, Sophia Johnson, on Charlotte Ann Drive in Louisville. His parents never married and their relationship ended when the Defendant was a young child. The Defendant's father has since been in a stable common law relationship with Ms. Jamie Kirby for approximately 15 years. They reside in Crestwood. Mr. Taylor's father, mother and step-mother are all gainfully employed.

 The Defendant has two younger half-sisters. He has never married and has no children.

Whether the Defendant's diagnosis of attention deficit hyperactivity disorder contributed to his poor academic record during his early school years is unknown, but the sports injury that he suffered in 10th grade resulted in his withdrawal from the public school system. Beginning in 2020, the Defendant has been enrolled in an online high school diploma program. Mr. Taylor is still working to earn the required number of credits for his high school diploma.

As the PSR shows, Mr. Taylor engaged in the offense conduct for which he pleaded guilty a few months after he turned 18 years of age. He lacks any previous juvenile delinquency or adult criminal record. (The PSR shows two traffic related cases involving his drivers permit.)

It appears that the Defendant became involved in the offense conduct that resulted in his indictment and felony conviction because of a lack of adequate adult supervision and Mr. Taylor associating with people who have been engaged in serious criminal activities.  Mr. Taylor's naivety has allowed other sophisticated individuals with histories of criminal conduct to encourage his participation in unlawful acts.

## DISCUSSION

The Defendant understands that this Court is required to impose a just punishment that reflects the seriousness of the offense conduct; however, it is submitted that the goals of sentencing can be accomplished by the Court imposing a sentence that does not require Mr. Taylor to be a prisoner in a Federal Institution.

The goals of deterring the Defendant from committing future crimes and protecting the public can be accomplished by fashioning a supervised sentence that will put Mr. Taylor on a path towards becoming a responsible adult. One such condition is his participation and compliance with a substance abuse treatment program. Mr. Taylor admitted that he is "having a hard time" refraining from the use of cannabinoids. Although it appears that Mr. Taylor has no history or interest in using "hard" drugs, his chronic use of marijuana is a likely contributing factor for his previous failure to maintain employment.

Obtaining his high school diploma or his GED would contribute to accomplishing these goals. It may be that Mr. Taylor is better suited to a specific type of vocational training, which can be facilitated by the efforts of the Probation Office.

Finally, the Probation Office's recommendation for Mr. Taylor's participation in a cognitive behavioral treatment program as a special condition of supervision (¶ 102) has merit.

## CONCLUSION

Therefore, after considering and balancing the § 3553(a) factors, it is submitted that a sentence of probation with a combination of conditions as provided by the Guidelines and the

recommendations of the Probation Office would constitute a reasonable sentence in Mr. Taylor's case.

WHEREFORE, the Defendant requests this Court to impose a reasonable sentence in the Defendant's case, which is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Respectfully submitted,

/s/LARRY D. SIMON
LARRY D. SIMON
Attorney for Defendant, JAMAAL TAYLOR
American Life Building
471 West Main Street – Suite 200
Louisville, Kentucky 40202
(502) 589-4566
larrysimonlawoffice@gmail.com

**CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed under seal through the ECF system. Undersigned counsel will send a copy of this Sentencing Memorandum electronically to Hon. Frank Dahl, Assistant United States Attorney on this the 17th day of February, 2023.

s/LARRY D. SIMON
LARRY D. SIMON